UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRANDEN M. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:22-CV-283-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| ASHLEY PARKER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Branden Scott has filed a *pro se* complaint asserting a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and civil rights claims against a federal official pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1.] Scott has paid the filing fee. [R. 4.] This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. § 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Id.* A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Scott indicates that on August 19, 2021, officer Ashley Parker and another officer searched his locker in the recreation area at FMC Lexington. [R. 1, p. 3.] His locker contained games, books, personal letters, and irreplaceable family photographs. [*Id.* at 6-7.] Parker and the other officer took these items and others, put them in a trash cart, and started wheeling them towards a

dumpster. [*Id.* at 7.] Although Scott claims that he saw some of his possessions in the trash cart, he did not attempt to prevent the officers from throwing them away at that time. Instead, he waited until the next day to ask for his possessions back, but they had already been discarded. [*Id.* at 6-7.] In response to later inquiries from Scott, Officer Parker indicated that the materials had been discarded as "nuisance contraband" and that she did not need to complete a confiscation form to do so. [*Id.* at 8.] Scott indicates that he wept for more than two weeks after the loss of the photographs and was unable to sleep. [*Id.* at 9.]

Scott filed an inmate grievance regarding the confiscation on August 27, 2021. [*See* R. 1-6.] When Scott did not receive a response from the warden throughout September and most of October, on October 31, 2021, he appealed to the Mid-Atlantic Regional Office ("MARO") and expressly advised MARO that he was invoking the "deemed denial" provision found in 28 C.F.R. § 542.18. [R. 1-9.] MARO nonetheless rejected the appeal for failure to include his grievance to the warden, the warden's denial, or both. [*See* R. 1-10.] Scott then appealed to the Central Office, asserting that he had in fact included his grievance to the warden and that the warden's response could not be included because it did not exist. [R. 1-11.] The Central Office rejected his appeal on January 27, 2022, asserting that he should have appealed to MARO, a step he had already taken. [*See* R. 1-12]

On August 31, 2021, Scott sent a Form SF-95, *Claim for Damage, Injury, or Death*, to the Bureau of Prisons ("BOP"), complaining that Parker's actions were inconsistent with the applicable BOP regulations and Program Statements and requesting $800.00 in compensation. [R. 1-2.] In a letter attached to the form, Scott specifically requested that the BOP "process this claim in accordance with the Federal Tort Claims Act, 28 U.S.C. § 2679 and not with the provisions of the administrative settlement procedure of 31 U.S.C. § 3723." [*See* R. 1-2.] In its April 27, 2022,

denial letter the BOP reviewed Scott's claim under Section 3723 notwithstanding his request that it not do so. [R. 1-5.] The BOP noted that Scott did not have a locker assigned to him in the recreation room and did not have permission to store his personal belongings in the area. [*Id.*]. It therefore found that Parker did not act negligently and denied Scott's claim. [*Id.*]. The BOP noted that "there is no judicial review for claims decided pursuant to 31 U.S.C. § 3723." [*See id.*]

In his complaint, dated October 19, 2022, Scott contends that Parker, through her actions and failure to adhere to applicable regulations including 28 C.F.R. § 553.12, violated his rights under the Fourth and Fifth Amendments, committed the Kentucky torts of theft and outrage, and is liable under the FTCA. [R. 1, pp. 9-12.] That said, the Court's review of the Complaint establishes that it must be dismissed for several reasons.

Beginning with Scott's constitutional claims asserted under *Bivens*, it appears that Scott properly exhausted these claims as required by 42 U.S.C. § 1997e(a) and, accounting for equitable tolling to exhaust administrative remedies, filed them within the one-year limitations period. *See generally Mitchell v.* Chapman, 343 F.3d 822, 825 (6th Cir. 2003) ("*Bivens* claims have a one year statute of limitations under Kentucky law."). However, his allegations fail to state a claim under either the Fourth or Fifth Amendments. With respect to the Fourth Amendment, "prisoners have no legitimate expectation of privacy . . . and the Fourth Amendment's prohibition on unreasonable searches [and seizures] does not apply in prison cells." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984).

As for the Fifth Amendment, a prisoner's due process rights are not violated by even an intentional deprivation of property if adequate post-deprivation remedies are available. *Id*. at 533. One such adequate mechanism is the BOP's grievance process. *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000). Another is an administrative claim pursuant to

31 U.S.C. § 3723, which permits federal agencies to settle sub-$1,000.00 claims for damage to or the loss of privately-owned property. Finally, under certain circumstances the aggrieved party may file a claim under the Tucker Act, 28 U.S.C. § 1491. Given the ready availability of these remedies, Officer Parker did not violate Scott's constitutional rights. Nor did Parker's asserted failure to follow BOP guidelines or procedures violate the Fifth Amendment. *Cf. Lewis v. Sec'y of Pub. Safety & Corrections*, 870 F.3d 365, 369 (5th Cir. 2017) (explaining that prison rules and regulations "do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right").

Even if Scott's allegations were sufficient to state a claim, the Supreme Court's recent decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022), counsels that the implied remedy permitted by *Bivens* should not be expanded to encompass claims such as these. *Cf. Davis v. Wernick*, No. 19-CV-3327 (CRC), 2021 WL 310999, at *3 (D.D.C. Jan. 29, 2021) (collecting cases); *Rowland v. Pistro*, No. 21-CV-4466, 2021 WL 5631692, at *8 n.11 (E.D. Pa. Nov. 29, 2021) (same).

The Court next considers Scott's claim under the FTCA. In his Complaint, Scott claims that in his August 2021 letter to the BOP he requested consideration of his claim under "31 U.S.C. § 3729." [*See* R. 1, p. 4.] But the referenced statute is the operative provision of the False Claims Act, 31 U.S.C. §§ 3729-33, which permits the United States to assess civil penalties against a person who knowingly submits a false claim with the government. That is clearly not a provision which Scott may invoke.

In any event, what Scott actually told the BOP in his letter was that he wanted his claim processed pursuant to 28 U.S.C. § 2679 rather than 31 U.S.C. § 3723. [*See* R. 1-2, p. 3.] Section 2679 is part of the FTCA, although it is not one of the operative sections, which are found at 28 U.S.C. §§ 2672 and 1346(b). But the BOP did not act improperly by disregarding this direction.

After all, had it done so, it could have immediately rejected Scott's request for settlement, as the FTCA specifically excludes any claim for the confiscation or destruction of property by prison guards. *See* 28 U.S.C. § 2680(c); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008); *Moler v. Potter*, No. 6:19-CV-205-CHB, 2020 WL 2476758, at *2 (E.D. Ky. May 13, 2020), *aff'd*, No. 20-5579, 2020 WL 9886297 (6th Cir. Dec. 30, 2020). Because Scott's property claim cannot be pursued under the FTCA, the BOP had little choice but to consider his claim as requesting settlement under Section 3723. The BOP rejected his request for settlement, and correctly noted that its decision to do so is not subject to judicial review. *See Moler*, 2020 WL 2476758, at *3 (collecting cases).

That leaves only Scott's claims under Kentucky law for "theft" (more appropriately labeled the tort of conversion) and outrage. A district court may "decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims early in the proceedings, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *See Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021), *cert. denied*, 143 S. Ct. 88 (2022); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can *never* exist", and that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims") (emphasis in original). The Court will therefore dismiss Scott's state law claims without prejudice.

Accordingly, it is **ORDERED** as follows:

- 6 -

     1.     The Court **DISMISSES** with prejudice all federal claims in Branden Scott's Complaint **[R. 1]**; all claims arising under state law are **DISMISSED** without prejudice.

     2.     The Court will enter a judgment contemporaneously with this order.

     3.     This matter is **STRICKEN** from the docket.

This the 24th day of February, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY